IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:06-1126-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Shyheem Lee Smith, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts one claim for relief, contending that the actions of counsel constituted ineffective assistance of counsel. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion on July 22, 2010. For the reasons set forth below, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### BACKGROUND

In October 2006, Defendant was indicted for felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1), 924(a) and 924(e), and for possession of a "sawed-off" shotgun, a violation of 26 U.S.C. § 5841. On February 5, 2007, Defendant pleaded guilty to the charge of being a felon in possession. The Government agreed to dismiss the possession of a sawed off shotgun charge in exchange for Defendant's guilty plea.

A Presentence Report (PSR) was prepared by the United States Probation Office. Based upon three prior convictions, Defendant was found to be an Armed Career Criminal ("ACC"), subjecting him to the 15-year mandatory minimum penalty provided for in 18 U.S.C. § 924(e).

1

At sentencing, Defendant objected to the counting of two of his prior convictions for ACC purposes: an Arkansas state conviction for Escape (2d Degree) from 1989; and a California state "wobbler" conviction for Corporal Injury to Roommate from 1993. After considering evidence and arguments, the court overruled both objections, and imposed a sentence of 188 months' imprisonment.[1]

Defendant appealed his sentence, claiming as sole error the use of the "wobbler" conviction as an ACC predicate offense. While Defendant's appeal was pending, the Supreme Court decided *Chambers v. United States*, 555 U.S. ___, 129 S. Ct. 687 (2009). The parties moved in the Fourth Circuit to vacate the judgment and remand for re-sentencing in order that this court might evaluate Defendant's escape conviction in light of *Chambers*. The Fourth Circuit granted the parties' motion, and remanded this case for resentencing "[u]pon consideration of the submissions relative to the [Defendant's] motion to remand." Order (Dkt. # 96, filed Mar. 6, 2009).

On April 30, 2009, Defendant appeared for resentencing. Defendant's counsel reargued his original objection to the inclusion of the California "wobbler" conviction as a predicate offense, and this court again denied the objection based upon its original rejection of the same argument. However, the resentencing was delayed to allow the parties the opportunity to brief issues related to Defendant's Arkansas escape conviction.

On May 28, 2009, this court determined that Defendant's Arkansas escape conviction was not a countable predicate offense in light of *Chambers*. Therefore, Defendant was not an Armed Career Criminal. In light of this determination, the Base Offense Level ("BOL") was 26, Total Offense Level ("TOL") was 23 and Criminal History Category was V. The corresponding sentencing range was 84 to 105 months' imprisonment. Neither side objected to the revised

---

[1]Defendant's Guideline range was calculated to be 188 - 235 months' imprisonment.

2

guidelines calculations, and this court sentenced Defendant to 84 months' imprisonment. Defendant did not appeal from resentencing.

### DISCUSSION

Defendant raises only one ground for relief in his § 2255 motion, a claim of ineffective assistance of counsel relating to counsel's actions at resentencing. Defendant contends that counsel was ineffective in failing to make timely objections to the "incorrect calculations" of the above-referenced revised sentencing range and in failing to object to the imposition of the sentence of 84 months' imprisonment. Defendant also argues that the court erred in counting his California conviction for Corporal Injury to Roommate as a prior felony conviction in his criminal history. It is not entirely clear whether Defendant argues this as a separate ground of alleged error by this court, or whether it is included in his assertion of ineffective assistance of counsel. Therefore, the court addresses both contentions below.

#### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective," *Lockhart*, 506 U.S. at 369. Instead, a proper prejudice analysis must consider "whether the result of the proceeding was fundamentally unfair or unreliable." *Id*. As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id*. at 369-70.

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697.

Sentencing is a critical stage of the trial proceedings, thereby entitling a defendant to effective assistance of counsel. *See United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *Id*. at 136.

**DISCUSSION**

Defendant argues that counsel was ineffective in failing to challenge the "incorrect" calculation of the Guideline range after the court sustained his objection to the Arkansas conviction as a "violent felony" and that counsel was ineffective in failing to "object" to the 84-month sentence imposed by this court.

To the extent Defendant's motion can be read as asserting error by this court in including his California "wobbler" conviction in the calculation of his criminal history, *see* Motion at 4, 14-15 (Dkt. # 126, filed Apr. 20, 2010), Defendant's arguments are without merit. First, Defendant's failure to raise this issue on direct appeal precludes its presentation in this § 2255 motion. *See*

4

*Bousely v. United States*, 523 U.S. 614 (1998) (non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion). Additionally, "[b]arring extraordinary circumstances, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999).

To the extent Defendant's motion properly raises an ineffective assistance of counsel claim, this contention also fails. Defendant argues that counsel was ineffective in "fail[ing] to make a timely objection to the incorrect calculations [in the PSR based on the inclusion of the California conviction]," Mot. at 4. This contention is without merit. Defense counsel raised this issue at Defendant's original sentencing, and this court overruled Defendant's objections relating to this issue. *See* Tr. of Sentencing Hrg. at 7-22 (Dkt. # 95, filed Nov. 9, 2007). Defense counsel again asserted this argument at Defendant's resentencing, and the court again rejected the argument, based upon its earlier ruling. *See* Tr. of Resentencing Hrg. at 9-12 (Dkt. # 135, filed June 17, 2010).

Defendant argued at sentencing (and resentencing) and here that his California conviction should not be counted as criminal history because it was, under California law, a misdemeanor. For the reasons stated by this court at Defendant's original sentencing, the court again rejects this argument. Therefore, counsel was not ineffective, and Defendant's motion for relief fails.

**CONCLUSION**

The Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 25, 2010